UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN CURTIS LONG,

                   Petitioner,                                Case No. 4:12-cv-12083
                                                     HON. GERSHWIN A. DRAIN

vs.


THOMAS BIRKETT,

                   Respondent.
_____/

ORDER SUMMARILY DISMISSING  PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING A CERTIFICATE OF APPEALABILITY

I.  INTRODUCTION

      Petitioner, Steven Curtis Long, is a state inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. On May 9, 2012, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 20, 2012, Respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus arguing that Petitioner's petition is subject to dismissal because it was filed after the expiration of the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA).  On February 4, 2013, Petitioner filed a Motion for Summary Judgment.

      For the reasons stated below, the Court grants Respondent's Motion for Summary Judgment, denies Petitioner's Motion for Summary Judgment, denies the petition for a writ of habeas corpus and denies a certificate of appealability.

-1-

## II.  BACKGROUND

On May 11, 2006, Petitioner entered a plea of nolo contendere to armed robbery, MICH. COMP. LAWS § 750.529, case number 06-2740-01, and home invasion second degree, MICH. COMP. LAWS § 750.110(A)(3), case number 06-2741-01.  On May 31, 2006, Petitioner was sentenced to a minimum of eleven years and maximum twenty-five years imprisonment in case number 06-2740-01, and a minimum of four years and maximum of fifteen years imprisonment in case number 06-2741-01, to be served consecutive with case number 06-2740-01.

On February 16, 2010, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Long,* Nos. 06-2740-01/06-2741-01(Wayne County Circuit Court, June 15, 2010).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Long,* No. 300197 (Mich.Ct.App. June 24, 2011); *lv. den.* 490 Mich. 969 (2011).

On May 9, 2012, Petitioner filed his federal habeas corpus petition raising the following claims: (1) Ineffective assistance of appellate counsel for failure to initiate Petitioner's direct appeal, (2) the trial court lacked jurisdiction to convict and sentence Petitioner, (3) ineffective assistance of trial counsel, (4) prosecutor misconduct, (5) violation of Petitioner's 4th, 5th, 6th and 14th Amendment rights by illegal photographic identification procedures.

## III.  ANALYSIS

### A.  Statute of Limitations

Pursuant to the AEDPA, a one-year statute of limitations applies to all petitions filed under 28 U.S.C. § 2254 seeking the issuance of a writ of habeas corpus.  *See* 28 U.S.C. § 2244(d)(1).  The statute of limitations begins to run from "the date on which the judgment became final by the <u>conclusion of</u>

-2-

direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. §
2244(d)(1)(A)(emphasis added).[1]  Under § 2244(d)(2), the period of limitation is tolled during the time
that a properly filed post-conviction motion is pending in state court.  28 U.S.C. § 2244(d)(2).
However, where the statute of limitations has already expired, a motion for relief from judgment "does
not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208
F.3d 13, 17 (2d Cir. 2000).  This is because there is no remaining period to be tolled.  *See Smith v.
Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001).

Under the facts of this case, Petitioner's federal habeas corpus petition is untimely under §
2244(d)(1).  Petitioner never filed a direct appeal of his conviction.  Therefore, the conclusion of direct
review or the expiration of the time for seeking such review was May 31, 2007 – 12 months after his
sentencing date. *See* Mich. Ct. R. 7.205(F)(3); *Hann v. Harry*, No. 06-13478, 2008 U.S. Dist. LEXIS
41483, *14-15 (E.D. Mich. May 27, 2008) (noting that Michigan courts treat a late application for leave
to appeal as part of the direct appeal process thus "where an appeal to the Court of Appeals is delayed
more than twelve months after judgment, appeal is foreclosed and defendant is limited to the post-
appeal relief provision under MCR 6.501 *et seq*.").

Thus, Petitioner was required to file his federal habeas corpus petition on or before May 31,
2008.  Petitioner filed the instant petition on May 9, 2012, nearly four years after the expiration of the
statute of limitations.   Further, Petitioner's Rule 6.500 motion for relief from judgment cannot serve
to toll or restart the limitations period because he filed it on February 16, 2010, or twenty-one (21)
months after the period had already run.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

---

[1]  There are other starting dates set forth in § 2244(d)(1), however none are relevant here.
*See* 28 U.S.C. § 2244(d)(1)(B)-(D).

The Court further concludes that  Petitioner is not entitled to equitable tolling, which requires Petitioner to show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Alternatively, Petitioner may show eligibility for equitable tolling by demonstrating actual innocence, so that refusal to consider the petition would cause a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner has failed to establish any extraordinary circumstance which prevented him from timely filing his federal habeas corpus petition, nor has he demonstrated, or even alleged that he has been pursuing his claims with reasonable diligence. *See Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). *Holland*, 130 S.Ct. at 2562.  Petitioner argues that he is entitled to equitable tolling because his appellate counsel failed to file an Application for Leave to Appeal during the direct review of his conviction and sentence.  Petitioner's argument is without merit.

The trial court appointed appellate counsel, Frederick Finn, on January 11, 2007.[2] *See* Dkt. No. 1 at 45.[3]  On May 21, 2007, Mr. Finn filed a Motion to Remove Appellate Counsel, which the trial court heard and granted on May 31, 2007.  In the Motion to Remove Appellate Counsel, Mr. Finn represented that "[a]t the May 19, 2007 prison meeting, defense counsel discussed all potential issues with Defendant Long; finding no legitimate grounds for a plea withdrawal or an appeal of the sentence imposed.  At that meeting, Long refused to sign a withdrawal form, and refused to advise defense

---

[2] It is unclear from the record when Petitioner requested the appointment of appellate counsel.

[3] The Court notes that there is an apparent absence of full and complete record information in the Rule 5 materials relative to the direct review process.   However, the Court finds that resolution of this matter can be determined from review of the attachments to Petitioner's petition, which relate to, and concern the events that occurred during the direct review process.

counsel as to how he wished to proceed."  Mr. Finn further indicated that the meeting concluded with "defense counsel advising Defendant Long that a motion to vacate the order of appointment of appellate counsel would be filed in the Wayne Circuit Court.  Defendant Long is aware that counsel has filed the foregoing Motion to Vacate Order of Appointment of Appellate Counsel."

Attorney neglect or error does not generally give rise to equitable tolling.  *See Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96 (1990).  However, a "serious instance[] of attorney misconduct" may rise to the level of extraordinary circumstance necessary to justify equitable tolling. *Holland*, 130 S.Ct. at 2564.  On May 19, 2007, appellate counsel informed Petitioner that he was moving to withdraw from the case, as well as discussed the options available to  Petitioner if he wished to proceed with appellate review of his claims.  There is no evidence, nor does Petitioner argue, that he later advised the trial court or Mr. Finn of his intention in regard to filing his application for leave to appeal.   It was Petitioner's obligation to inform the trial court that he either wanted substitute appellate counsel appointed to pursue his appeal or file his application for leave to appeal *pro se* if he wanted appellate review of his conviction and sentence.  However, Petitioner never contacted his former attorney or the trial or appellate courts concerning his desire to appeal his claims, nor did he submit any filings with these courts.

Additionally, Petitioner waited almost two years after the statute of limitations had expired before filing a motion for relief from judgment in the trial court.  Based on the above considerations, Petitioner is not entitled to equitable tolling because he has not exercised reasonable diligence in the pursuit of his claims nor has he presented any evidence demonstrating that extraordinary circumstances prevented him from timely filing his claims. *See Holland*, 130 S.Ct. at 2564 (finding that the petitioner had exercised reasonable diligence by making every effort to stay abreast of his case, communicate with

his lawyer, and the day he learned the statutory deadline expired, he filed a *pro se* habeas corpus petition); *see also, Patterson v. Lafler*, No.10-1379, 2012 U.S. Dist. LEXIS 533 (6th Cir. Jan. 9, 2012) (affirming district court's refusal to grant equitable tolling since the petitioner did not make any effort to stay abreast of the case nor communicate with counsel regarding deadlines).

Lastly, as to Petitioner's claim of actual innocence, this claim is likewise without merit.  To be credible, an innocence claim requires "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schulp v. Delo, 513 U.S. 298, 324 (1995).* The evidence must demonstrate factual innocence, not mere legal insufficiency *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Here, Petitioner fails to present any new reliable evidence that would establish his legal innocence of the crime.  Rather, he merely argues that he has always maintained his innocence, which is insufficient to establish entitlement to equitable tolling based on actual innocence.

### B.  Certificate of Appealability

Before petitioner may appeal the court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's claims, a certificate of appealability should issue if the petitioner shows, "[t]hat jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both prongs of this test must be satisfied. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.*

Here, the Court concludes that reasonable jurists would not find it debatable whether this Court was correct in its ruling that Petitioner's petition for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A). Nor would reasonable jurists debate this Court's finding that equitable tolling is not justified under the circumstances.

## IV.  CONCLUSION

For the reasons set forth above, IT IS ORDERED that Respondent's Motion for Summary Judgment [#11] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment [#13] is DENIED.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus is DENIED.

This cause of action is DISMISSED.

A certificate of appealability shall not issue.

Dated: February 25, 2013                                  /s/Gershwin A Drain
                                                          GERSHWIN A. DRAIN
                                                          UNITED STATES DISTRICT JUDGE